UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES ROSENGREN, CIVIL NO. 00-971 (DSD/JMM)

Plaintiff,

v. REPORT AND RECOMMENDATION

GMAC MORTGAGE CORPORATION,

Defendant.

The above matter came on for hearing before the undersigned on January 19, 2001 upon Defendant's Motion to Dismiss [Docket No. 8]. Peter Barry, Esq. appeared on behalf of Plaintiff; Tom Olson, Esq. appeared on behalf of Defendant. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendant's Motion to Dismiss [Docket No. 8] be granted insofar as the Motion seeks dismissal without prejudice of the Second Amended Complaint, and denied in all other respects, leaving before this Court only the claim raised in the Amended Complaint.

**FINDINGS OF FACT/REPORT**

**Summary**

In January, 2000, Plaintiff filed for Chapter 7 bankruptcy and an automatic stay was put into effect pursuant to 11 U.S.C. § 362. Plaintiff contends that Defendant violated the stay. The procedural history is unusual. Plaintiff's initial Complaint asserted only a cause of action for violation of the automatic stay, but named the wrong Defendant.

FILED FEB 13 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

He served an Amended Complaint which named the correct defendant, and made no other changes. He then served a Second Amended Complaint adding a Count Two, alleging an invasion of privacy under Minnesota law. Plaintiff failed to file the Second Amended Complaint until February 9, 2001.

Defendant moved to Dismiss the Second Amended Complaint, although it had not yet been filed. As to the new allegations in the Second Amended Complaint, the Motion seeks dismissal on the ground that the Amendment was not permitted by reason of Plaintiff's failure to follow the requirements of Rule 15 of the Federal Rules of Civil Procedure. As to the claim for violating the automatic stay (which is asserted in the Amended Complaint and purported to be asserted in Count One of the Second Amended Complaint), Defendant asks this Court to dismiss the Complaint, on the ground that it should be brought in bankruptcy court.

We recommend that the Second Amended Complaint be dismissed without prejudice for failure to comply with Rule 15 of the Federal Rules of Civil Procedure. The remainder of the Motion is properly considered as a Motion to Dismiss the Amended Complaint. We recommend that this Court deny the Motion in this respect, and retain jurisdiction over that claim as asserted in the Amended Complaint.

## Procedural History

On April 14, 2000, Plaintiff commenced this action by filing and serving a Complaint against "General Motors Acceptance Corporation." [Docket No. 1]. Plaintiff alleged that Defendant, with notice of the automatic stay, acted in violation of that stay. The Complaint seeks relief for violation of the stay in the form of compensatory and punitive damages pursuant to 11 U.S.C. § 362(h).

Plaintiff filed an Amended Complaint on May 18, 2000 after learning that he named the wrong corporation. The Amended Complaint corrected the named Defendant to designate GMAC Mortgage Corporation, but did not amend the underlying allegations. [Docket No. 2]. Plaintiff served the Amended Complaint upon Defendant on May 22, 2000.

Plaintiff served a document entitled "Second Amended Complaint" upon Defendant on June 22, 2000.[1] The Second Amended Complaint purports to add Count Two to Plaintiff's action against Defendant, alleging a state-law cause of action in tort for invasion of privacy, but does not differ from the Amended Complaint in any other respect.

On July 11, 2000, Defendant served Plaintiff with its Answer to the Second Amended Complaint and filed it with the Court on July 14, 2000. [Docket No. 3]. The Motion to Dismiss [Docket No. 8] was filed on December 7, 2000.

## Discussion

### I. THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED.

Plaintiff did not obtain leave of court or the consent of the parties when he sought to add Count Two by way of the Second Amended Complaint. Plaintiff urges that Rule 15(a) allows for unlimited amendment up until the time a defendant files an Answer. In his Memorandum in Opposition to the Motion, Plaintiff's counsel states: "In clearly understandable language, Rule 15(a) states a party may amend its pleading *any time before a response has been served.*" [Docket No. 13, p. 6] (emphasis in original). This

[1] Plaintiff did not file the Second Amended Complaint with the Court until February 9, 2001. [Docket No. 21]. This violated Rule 5(d) of the Federal Rules of Civil Procedure which required that he timely file the Second Amended Complaint and a Certificate of Service with the Court. Rule 5(d) states: "all papers after the complaint required to be served upon a party, together with a certificate of service, shall be filed with the court within a reasonable time after service." Fed. R. Civ. P. 5(d).

assertion omits a critical word - "once" - from the text of the Rule. In fact, Rule 15(a) allows for only one amendment prior to the filing of an Answer. It states: "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). In this case, Plaintiff had already amended his Complaint once when he purported to serve a Second Amended Complaint.

Plaintiff cites Ward v. Follett Corp., 158 F.R.D. 645, 649 (N.D. Cal. 1994), De La Cruz-Saddul v. Wayne State University, 482 F.Supp. 1388, 1389 (E.D. Mich. 1980), and Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997) in support of his argument. None of these cases stand for the proposition that a plaintiff may amend a complaint for the second time without leave of court. In Ward v. Follett Corp., 158 F.R.D. at 649, the court specifically quoted the applicable rule: "a plaintiff has the right to amend its complaint once 'as a matter of course' any time before a responsive pleading." The courts in De La Cruz-Saddul v. Wayne State University, 482 F.Supp. at 1389, and Santee v. Quinlan, 115 F.3d at 357, held only that a plaintiff has a right to make a first amendment to a complaint without leave of court.

We are also unpersuaded by Plaintiff's assertion that serving and filing the Amended Complaint somehow did not constitute an amendment under Rule 15(a). In his Memorandum, Plaintiff states that he labeled the first amended document the "Amended Complaint" and the second amended document the "Second Amended Complaint" merely for "administrative convenience and to prevent confusion." [Docket No. 13, p. 3]. He thus insinuates that the only real amendment to the complaint occurred in the Second Amended

Complaint. Plaintiff also states that he "properly served Defendant GMAC with the *complaint* on May 22, 2000" and that the "*amended complaint*" was served on June 22, 2000. [Docket No. 13, p. 3 (emphasis added)].[2]

Plaintiff's account is a disingenuous characterization of the procedural history in this case. When Plaintiff served the purported Second Amended Complaint, the Complaint had already been amended once, on May 18, 2000, to name the correct Defendant. Any amendment after that required leave of court or the written consent of the adverse party. Plaintiff filed no motion for nor received any leave of court to make a second amendment to the Complaint.

Plaintiff is also wrong to suggest, as he does in his Memorandum, that Defendant acquiesced in the service of the Second Amended Complaint. Plaintiff states that Defendant's Motion to Dismiss was "its first indication that it objected to this amendment on procedural grounds," [Docket No. 13, p. 8]. On the contrary, Defendant raised failure to comply with Rule 15(a) as an affirmative defense in its Answer served on Plaintiff on July 11, 2000. [Docket No. 3, p. 2]. In addition, Defendant's attorney expressly stated in a letter dated July 11, 2000 to Plaintiff's counsel: "I do not consent to the Second Amended Complaint, specifically Count Two." [Docket No. 14, Aff. of Thomas B. Olson, ¶ 6].

---

2 Plaintiff also argues that since Defendant stipulated that process was properly served in the Rule 26(f) report, it is prohibited now from arguing that the Second Amended Complaint is procedurally barred. [Docket No. 5, p. 2]. Although Defendant stipulated that it had been properly served, Defendant did not stipulate that the underlying process complied with the Rules.

The Second Amended Complaint should be dismissed without prejudice by reason of the failure to comply with Rule 15 of the Federal Rules of Civil Procedure. When the Second Amended Complaint is dismissed, this will leave for consideration the allegation of a violation of a bankruptcy stay in the Amended Complaint.

## II. THE COURT SHOULD DECLINE JURISDICTION OVER COUNT TWO OF THE SECOND AMENDED COMPLAINT.

A district court may decline to exercise supplemental jurisdiction over a state-law claim if it finds that the supplemental claim raises "a novel or complex issue of State law." See 28 U.S.C. § 1367(c). If the Second Amended Complaint should not be dismissed based upon the violation of Rule 15 of the Federal Rules of Civil Procedure, we recommend that the District Court nonetheless dismiss Count Two of that document because it raises a novel and complex issue of the law of the State of Minnesota. The decision to decline supplemental jurisdiction is committed to the sound discretion of the court. See McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir. 1994).

Count Two of the Second Amended Complaint is based on the recent Minnesota Supreme Court decision in Lake v. WalMart Stores, Inc., 582 N.W.2d 231 (1998). In that case, the Minnesota Supreme Court first recognized a cause of action for invasion of privacy in the State of Minnesota. Id. at 235. Two Justices dissented to the creation of that cause of action. Id. at 236 (Tomljanovich, J. and Stringer, J., dissenting). In Lake, plaintiffs alleged that WalMart photo-development employees appropriated photos taken by plaintiffs which depicted them nude, then circulated the photos throughout the community. Id. at 233. Upon creating the cause of action, the Minnesota Supreme Court found: "one's naked body. . . is a type of privacy interest worthy of protection. Therefore,

without consideration of the merits of [plaintiff's] claims, we recognize the torts of intrusion upon seclusion, appropriation, and publication of private facts." Id. at 235. In the instant case, Plaintiff alleges that Defendant "contact[ed] the Plaintiff despite its knowledge that Plaintiff had filed for bankruptcy." [Second Amended Complaint, p. 3]. Whether this type of privacy interest is worthy of protection is a new issue arising from a relatively new cause of action. There is also an issue as to whether a claim of right to privacy under these circumstances is preempted by the federal law.

Minnesota cases that discuss the invasion of privacy tort do not provide this Court with much guidance to determine whether a claim has been made out under the facts in the instant case. The Lake decision has been examined in depth only once by the Minnesota Court of Appeals. See Summers v. R&D Agency, Inc., 593 N.W.2d 241, 241 (Minn. App. 1999)(holding that the right to privacy established in Lake applies retroactively). It has been cited without extensive discussion by the Court of Appeals or Supreme Court only three times. See Paidar v. Hughes, 615 N.W.2d 276, 284 (Minn. 2000)(dissenting opinion)(Citing Lake for the proposition that "[t]he adoption of a new rule of law should be based on facts that, if proven, support that rule"); Walker v. 3M Co., 2000 WL 520254 (Minn. App. May 2, 2000)(unpublished opinion)(an employer who had an agent acquire plaintiff's medical records, accompany plaintiff to treatment appointments, and share information from medical reports with plaintiff's supervisor for purposes of monitoring plaintiff's worker's compensation does not amount to invasion of privacy under Lake); Special Force Ministries v. WCCO Television, 584 N.W.2d 789, 793 (Minn. App. 1998)(court in Lake declined to recognize the tort of false light publicity).

We agree with the conclusion expressed by the Court in C.L.D. v. Wal-Mart Stores, Inc., 79 F. Supp.2d 1080, 1083-1084 (D. Minn. 1999) about the lack of guidance from Minnesota courts regarding the cause of action:

> Aside from recognizing the legitimacy of the invasion of privacy tort, the court in Lake declined to apply it to the case at bar. Indeed the court did not even address which, if any, of the three causes of actions recognized might apply, thus leaving the merits of the plaintiff's claims wholly for the trial court to determine on remand. See id. at 236. Lake thus conferred upon other courts the task of defining the contours of these newly recognized causes of action.

C.L.D., 79 F. Supp.2d at 1083-1084.

## III. THE UNITED STATES DISTRICT COURT IS A PROPER FORUM FOR DETERMINING ALLEGATIONS OF A VIOLATION OF A BANKRUPTCY STAY.

We have recommended that the Second Amended Complaint be dismissed in its entirety. Thus, we treat Defendant's Motion to Dismiss Count One of the Second Amended Complaint as if it were directed at the allegations made in the Amended Complaint, substantively the same claim. The Amended Complaint states a claim pursuant to 11 U.S.C. § 362(h). The claim is cognizable in either a United States District Court or Bankruptcy Court. We recommend that this Court maintain jurisdiction over that claim.

There is no question that the District Court has jurisdictional authority to hear the claim. A federal district court's jurisdiction over Title 11 proceedings is governed by 28 U.S.C. § 1334. Section 1334(a) confers upon federal district courts "original and exclusive jurisdiction of all cases under title 11." In Wold v. Levin, Roers & Aspnes et al., Order, No. 97-26, (DSD/JMM)(June 5, 1997), this Court held that a proceeding to prosecute a violation of an automatic stay under 11 U.S.C. § 362(h) is a core proceeding arising under Title 11 for which a bankruptcy judge or a district court has the power to hear and enter

appropriate orders and judgments. See 28 U.S.C. § 157(b)(1); Wold, Order at p. 5 (relying on Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 773 (8th Cir. 1995)). We reiterate here the reasoning of the Order in Wold which stated:

> The fact that the bankruptcy court has the power to hear a case does not vitiate this court's jurisdictional authority to hear the matter as well. Under 28 U.S.C. § 1334(b), the district courts still have original, although not exclusive jurisdiction, over the instant proceeding, notwithstanding 28 U.S.C. § 157.

Wold, Order at p. 6.

Defendant's argument that the bankruptcy courts are the proper forum for Plaintiff's Complaint focuses on a series of Orders issued by the District Court. [Docket No. 10, Aff. and Exs. of Paul A. Weingarden]. Exhibits A through C are copies of Orders by bankruptcy judges promulgating the new Local Rules and Orders by District Court Judges Magnuson and Alsop approving parts of those rules. [Docket No. 9, p. 3; doc 10, Ex. A-C]. These Orders indicate that bankruptcy courts may hear and rule on cases such as this one, but do not necessarily express a preference that they do so.

Bankruptcy courts exist to provide an expert forum for proceedings under Title 11 that often require special knowledge in the area of bankruptcy law. But, where a bankruptcy court's expertise are not necessary for determination of a matter, there is no reason for a district court not to preside over the matter. This case concerns an alleged violation of an automatic stay under clearly delineated statutory provisions. See 11 U.S.C. § 362. Expertise in bankruptcy law is not necessary to a determination of this matter.

An additional reason to retain the action in the District Court is that Plaintiff may have a right to a jury trial in this action.[3] A bankruptcy judge may preside over a jury trial only by consent of the parties. See Local Rule 9015(b); 28 U.S.C. § 157(e). Plaintiff has indicated that he will not consent to a trial before a bankruptcy judge. Thus, if the case were sent to bankruptcy court, it could end up back in District Court upon Plaintiff's refusal to consent.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendant's Motion to Dismiss [Docket No. 8] be granted insofar as the Motion seeks dismissal without prejudice of the Second Amended Complaint, and denied in all other respects, leaving before this Court only the claim raised in the Amended Complaint.

Dated: February 13, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **February 28, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **February 28, 2001**.

---

3

Whether there is a right to a jury trial in a contempt action brought under 11 U.S.C. § 362(h) is a matter of first impression in this jurisdiction. We need not make such a determination now as that matter is not before us. We merely state that the possibility of a jury trial supports our recommendation that the District Court maintain jurisdiction over this matter.