UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES ROSENGREN,

Plaintiff,

v.

GMAC MORTGAGE CORPORATION,
a foreign corporation of
Pennsylvania,

Defendant.

CIVIL NO. 00-971 (DSD/JMM)

ORDER

Defendant has filed a Motion in Opposition to Taxation of Plaintiff's Costs [Docket No. 54] in response to the Cost Judgment entered by the Clerk of Court on December 6, 2001 [Docket No. 53]. The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Defendant's Motion In Opposition to Taxation of Plaintiff's Costs [Docket no. 54] be denied.

Dated: January 2, 2001

JOHN M. MASON
United States Magistrate Judge

**Memorandum**

Plaintiff sued Defendant for damages relating to direct communications made by Defendant to Plaintiff subsequent to his Chapter 7 Bankruptcy filing. In response to the parties cross-motions for summary judgment [Docket Nos. 27, 28] the court ruled in favor

FILED JAN 0 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of Plaintiff awarding him $88 in actual damages and $150 in attorney's fee's. See Order dated August 7, 2001[Docket No. 41]. Plaintiff then submitted a Bill of Costs to the Court [Docket No. 43] requesting $6,523.74 in reimbursement from Defendant for costs incurred in the litigation. Defendant filed a Motion in Opposition to Plaintiff's Bill of Costs arguing that the small amount of Plaintiff's award implies that his is merely a nominal "prevailing party "and as such he is not entitled to an award of costs. On December 4, 2001 the Clerk of Court entered a Cost Judgment [Docket No. 51] taxing 4,326.94 of Plaintiff's costs against Defendant. Defendant filed the present Motion in Opposition to the Taxation of Plaintiff's Costs [Docket No. 54] to dispute the Clerk of Court's Cost judgment in favor of Plaintiff. In so doing, Defendant relies on its previously filed Memorandum in Opposition to Plaintiff's Cost [Docket No. 47] dated November 5, 2001.

## I. Prevailing Party Status

Defendant argues that given the nominal nature of Plaintiff's damages, Plaintiff does not qualify as a prevailing party, and as such is not entitled to an award of costs.

Under Federal Rule of Civil Procedure 54(d), costs, other than attorney's fee's may be awarded to the party prevailing in a litigated matter. Fed. R. Civ. P. 54(d)(1). "This rule represents a codification of the 'presumption that the prevailing party is entitled to costs.' " Greaser v. State Dept. of Corrections, 145 F.3d 979, 985 (8th Cir. 1998)(quoting, Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir.1995)). Despite this presumption, the district court has substantial discretion in awarding costs to a prevailing party. See Zotos v. Lindbergh School Dist., 121 F.3d 356, 363 (8th Cir.1997).

In Farrar v. Hobby, the Supreme Court held that the determinative factor in deciding prevailing party status is whether, as a result of the litigation, the party in question has obtained "an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." 506 U.S. 103, 111 (1992). In so holding the Supreme Court reasoned that even parties receiving nominal damages qualify as a "prevailing party" because a plaintiff may demand payment of such an award no less than he may demand payment of any other monetary judgment. Id. at 113; see also Anderson v. Richardson, 145 F.Supp. 2d 1139, 1144 (D.N.D. 2001).

Plaintiff qualifies as a prevailing party. Pursuant to the Court's Order dated August 7, 2001 the Clerk of Court entered a Judgment awarding Plainitff $88 in damages to compensate for Defendant's violation of law and $150 in attorney's fee's [Docket No. 41]. Despite the minimal nature of Plaintiff's damages, he falls within the definition of a prevailing party. Accordingly, Plaintiff was correctly termed a prevailing party by the Clerk of Court in the underlying matter.

**II. Unnecessary Costs**

Defendant next opposes the Clerk of Court's Cost Judgment award granting Plaintiff $4,326.94 in costs relating to the deposition of four of Defendant's employees. Defendant contends that the four depositions taken by Plaintiff were unnecessary because prior to their taking, Defendant agreed to stipulate to the fact that its employees communicated with Plaintiff despite knowledge of the pending bankruptcy. The Clerk of Court provides that the costs were not unnecessary because Plaintiff used the depositions to support a successful Summary Judgment Motion. See Taxation of Cost Summary dated December 4, 2001.

The underlying inquiry in deciding whether to award deposition costs to a prevailing party is whether the depositions reasonably seemed necessary at time they were taken. Zotos v. Lindberg School Dist., 121 F.3d 356, 363 (8th Cir. 1997). Whether a deposition was necessary must be decided in light of facts known at time, without regard to intervening developments that later render the deposition unneeded for further use. Id. at 363-64. A prevailing party in a summary judgment action is entitled to costs incurred in taking depositions, where the depositions were necessary and the district court relied on them in ruling on a summary judgment motion. Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8thCir. 1995).

In the present case, the deposition of Defendant's four employees was necessary to support Plaintiff's successful Summary Judgment Motion [Docket No. 27]. At the time of the parties cross-motions for summary judgment, Defendant disputed Plaintiff's characterization of the communications that occurred between Defendant's employees and Plaintiff. See Order dated August 7, 2001, p.6. The District Court disagreed with Defendant's characterization of the calls and their content and instead agreed with Plaintiff that Defendant's repeated intentional contact constituted a willful violation of the automatic stay provision under 11. U.S.C. § 362(a). In so holding, the Court relied on information obtained from the deposition of Defendant's employees. See Order dated August 7, 2001, p. 7.[1] Despite Defendant's offer to stipulate that its

---

[1] The District Court specifically cited the phone calls made by Defendant's employees Jeff Choi and Irene Wolfgram. See Order dated August 7, 2001, p.6.

employees contacted Plaintiff during the pending Bankruptcy, the deposition testimony of Defendant's employees was nonetheless necessary to evidence the character of those communications.

J.M.M.